UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR ERNESTO ROMERO,<br>Plaintiffs,<br>v.<br>AMAZON.COM, INC. a Delaware corporation; TWITCH INTERACTIVE, INC., a Delaware corporation, wholly owned subsidiary of Amazon.com, Inc.; DANIEL CLANCY, Chief Executive Officer, Twitch Interactive (individual capacity); MARCELLO BORDIN, an individual, a/k/a "CX," "Cxboab," "Bob," "Bobber"; "browsertab"; TIM ESFANDIARI, an individual; OTK MEDIA, LLC., a Texas corporation; the MODERATOR DEFENDANTS, individuals; DOE FEDERAL INTERVIEW AGENT and DOES 1-20, inclusive,<br>Defendants. | Case No.: 3:26-cv-2324-JO-JAC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO SET EARLY NEUTRAL EVALUATION CONFERENCE AND DENYING PLAINTIFF'S MOTIONS TO HAVE LYDIA WILSON APPEAR AT THE EARLY NEUTRAL EVALUATION CONFERENCE** |

Before the Court are Plaintiff's Motion to Set Early Neutral Evaluation, ECF No. 92, Plaintiff's Supplement to His Motion to Set an Early Neutral Evaluation (Docket Entry

92): That Ms. Lydia Wilson be Afforded the Opportunity to be Present, Live and Together with Plaintiff; that Conferral Between the Two Persons Injured by the Conduct at Issue be Confirmed as Proper Process; and for Protective and Preservation Relief Concerning Her Channel, ECF No. 105, and Plaintiff's Motion to Secure Ms. Wilson at the Early Neutral Evaluation, and to Order the Attendance of the Parties to All Six Proceedings, ECF No. 115 (herein, the "Motions").

Civil Local Rule 16.1 reads: "Within forty-five (45) days of the filing of an answer, counsel and the parties must appear before the assigned judge for an early neutral evaluation conference[.]" S.D. Cal. Civ. L.R. 16.1(c)(1). By its language, this Local Rule requires the Court to set an Early Neutral Evaluation Conference ("ENE") within forty-five days after the filing of an answer. To date, no Defendant has answered Plaintiff's Complaint. Therefore, the Court is not required to set an ENE at this time.

The second provision of the Civil Local Rule reads as follows:

> "[A]t any time after the filing of a complaint and before an answer has been filed, counsel for any party may make a request in writing to the judge in the case to hold an ENE conference . . . . Upon receiving such request, the judge will examine the circumstances of the case and the reasons for the request and determine whether any such conference would assist in the reduction of expense and delay in the case. The judge will hold such conferences as he or she deems appropriate."

*Id.* Based on the record, the Court does not believe that holding an ENE at this point would assist in reducing the expenses of this case or delay in this case. Defendants have not responded, let alone answered, to any of Plaintiff's claims. Defendants may well and good believe that some of Plaintiff's claims are ripe for dismissal and as such Defendants may not be willing to negotiate settlement at all at this point in time. Forcing parties to the negotiating table when one of them may not even be willing to negotiate to begin with, this Court believes, would not help in the aim of reducing expenses or delay in this action. Therefore, the Court **DENIES** Plaintiff's Motion to set an ENE before Defendants have answered.

The Court also **DENIES** Plaintiff's requests to allow Ms. Lydia Wilson to appear at the ENE. *See* ECF Nos. 105 and 115. In the Southern District, ENEs are "informal, off the record, privileged, and confidential." S.D. Cal. Civ. L.R. 16.1(c)(1)(b). As such, Courts do not ordinarily allow third parties who are not named parties or corporate representatives to appear at the ENE. If the Court were to allow a non-party to participate in confidential, privileged communications without consent of the other side, the Court would be forgoing the very rationale for the ENE program: to facilitate settlement and bring actions between parties to reasonable resolutions.

For the foregoing reasons, the Court **DENIES** Plaintiff's Motions without prejudice.

**IT IS SO ORDERED**.

Dated: September 14, 2026

Hon. Janet A. Cabral
United States Magistrate Judge